UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES PAUL POYNTER  **PLAINTIFFS**
WESTLEY ADAM MATHIS

v. **CIVIL ACTION NO. 3:16-CV-P767-TBR**

HARDIN COUNTY DETENTION CTR. *et al.*  **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiffs James Paul Poynter and Westley Adam Mathis initiated this *pro se* action under 42 U.S.C. § 1983. Upon filing the instant action, Plaintiffs assumed the responsibility of keeping the Court advised of their current addresses and to actively litigate their claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

On January 30, 2017, the Court entered two Orders granting Plaintiffs leave to proceed *in forma pauperis* (DNs 11 & 12). On February 21, 2017, the Order sent to Poynter was returned in an envelope marked "Return to Sender, Attempted-Not Known, Unable to Forward" (DN 13). Thus, on May 3, 2017, the Court entered a Memorandum and Order dismissing Poynter from this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute his case (DN 14). On May 19, 2017, the copy of the Memorandum and Order which had been mailed to Mathis was returned in an envelope marked, "Return to Sender-released" (DN 16). Thus, just as with Poynter, it appears that Mathis is no longer housed at his address of record, and he has not advised the Court of a change of address. Therefore, neither orders from this Court nor filings by Defendants in this action can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As [the Sixth Circuit] has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Mathis has also failed to comply with this Court's Local Rules by failing to provide written notice of his current address, the Court concludes that he too has abandoned any interest in prosecuting this case. The Court will therefore dismiss this action by separate Order.

Date:

cc: Plaintiffs, *pro se*
4413.011